UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTOPHER OLIVAREZ, | ) |
| Movant, | ) ) ) |
| VS. | ) Civil Action No: SA-10-CA-225-XR |
| | ) (Criminal Action No. SA-09-CR-80-XR-1) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**ORDER**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in this case, filed August 16, 2010 (Docket Entry No. 73), Movant Olivarez's objections thereto (Docket Entry No. 75), and the record in the case. After careful consideration, the Court will accept Magistrate's recommendation.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within ten days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was served via electronic transmittal on August 17, 2010 (Docket Entry No. 73). Olivarez filed objections on August 31, 2010 (Docket Entry No. 75). Because Olivarez objected to the Magistrate Judge's Memorandum and Recommendation, the Court must conduct a de novo review on the issues challenged in his objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

Christopher Olivarez filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence for conspiracy to possess with intent to distribute cocaine on the basis that he received ineffective assistance of counsel. Olivarez argued that his counsel was ineffective because (1) his attorney failed to review his pre-sentence investigation report ("PSIR") with him prior to sentencing, and (2)

1

the PSIR incorrectly placed him in Criminal History Category II because of a felony which he did not commit, and his attorney failed to object to this error, and (3) his attorney failed to file a notice of appeal despite being instructed to do so.

Olivarez objected to the Memorandum and Recommendation on only one issue, whether his attorney had an affirmative duty to inform him that he had a right to appeal under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). On this point, this Court accepts the Magistrate Judge's determination that Olivarez did not allege this issue in his motion and that no such duty was breached. To the contrary, the motion indicates that Olivarez was aware of his right to appeal, as his motion argues that he instructed his attorney on two separate occasions to file an appeal, and that he engaged his mother's help in assuring that his attorney would file an appeal.

Upon review of the record in this case, the Court also accepts the remainder of the Magistrate Judge's recommendations. The credible testimony in this case does not support Olivarez's argument that his attorney ignored his instructions to file a direct appeal. Furthermore, the record indicates that Olivarez was placed into Criminal History Category II not because of a falsely attributed felony offense, but because his offense was committed while he had an outstanding county court-at-law sentence. Thus, his attorney had no duty to object to his placement in Criminal History Category II as an error.

Accordingly, the Court ACCEPTS the Magistrate Judge's Recommendation (Docket Entry No. 201) and DENIES and DISMISSES Olivarez's § 2255 Motion to Vacate (Docket Entry No. 198).

It is so ORDERED.

SIGNED this 20th day of September, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE